## CARR v. GRIFFIN.

Where the plaintiff proved the signature of the defendant to a deposition taken upon insufficient notice, and it did not appear that the defendant testified under any compulsion, or that his answers were made under duress or obtained by fraud;—*Held*, that the deposition was properly received to show any admissions of the defendant contained in it.

THE plaintiff, John S. Carr, offered the deposition of the defendant, George Griffin. The defendant objected to its admission on the ground that the notice was not served three days before the caption; and on this ground the deposition was excluded. The plaintiff then offered to prove the defendant's signature to the deposition, and to read the deposition as an admission of the defendant. To this the defendant objected, on the ground that being summoned before a magistrate and compelled to give his deposition, the admissions therein contained were obtained by coercion and duress, and were, therefore, not admissible in evidence. The court ruled that if the defendant's signature were proved, the deposition might be used as an admission, and the defendant excepted. The defendant was a resident of Manchester, and the deposition was taken December 15, 1862, to be used at the January term, 1863, at Manchester. The deposition was referred to in argument. A verdict was taken for the plaintiff, by consent, subject to the defendant's exception, and the questions of law arising in the case were reserved.

*S. N. Bell*, for the defendant.

*L. B. Clough*, for the plaintiff.

BARTLETT, J.   Whether, under the circumstances stated, the magistrate could properly have compelled the defendant to give his deposition (see Gilman's case, 8 Chand. Law Rep. 169; *Burnham* v. *Stevens*, 33 N. H. 258; *Cilley* v. *Page*, Rockingham, June T. 1862), is a question not arising here, for it does not appear that the defendant testified under any compulsion, or that his answers were made under duress or obtained by fraud; and although the caption might have been irregular, or even unjustifiable, the admissions of the defendant contained in the deposition were by law competent evidence against him.    1 Greenl. Ev., sec. 193; 2 Stark. Ev. 28; 1 C. & H. Phil. Ev. 357; *Collett* v. *Keith*, 4 Esp. 212; *Stockfleth* v. *DeTaslet*, 4 Camp. 10; *Smith* v. *Beadnell*, 1 Camp. 30; *State* v. *Flynn*, 36 N. H. 70; *Carter* v. *Beals*, 44 N. H. 408; *Lawrence* v. *Heath*, Merrimack county, June term, 1860.   There must be

*Judgment on the verdict.*